## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Bradford L. Daley )<br>51 Lee Rd 987 )<br>Phenix City, AL 36870 )<br> )<br>Plaintiff, )<br> )<br>v.  )  Civil Action Number 2:07-CV-551-ID<br> )<br>Samuel S. Partridge, )<br>In his private capacity )<br>c/o Alabama State Bar )<br>415 Dexter Ave )<br>Montgomery, AL 36104 )<br> )<br>Defendant. ) | |

### PLAINTIFF'S BRIEF IN SUPPORT

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972); *Cramp v. Board of Public Instruction*, 368 U.S. 278, 287 (1961); *United States v. Harriss*, 347 U.S. 612, 617 (1954); *Jordan v. De George*, 341 U.S. 223, 230-232 (1951); *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939); *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926); *United States v. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921); *International Harvester Co. v. Kentucky*, 234 U.S. 216, 223-224 (1914). Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. See *Papachristou v. City of Jacksonville, supra*; *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971); *Gregory v. Chicago*, 394 U.S. 111, 120 (1969) (Black, J., concurring); *Interstate Circuit v. Dallas*, 390 U.S. 676, 684-685 (1968);

4

*Ashton v. Kentucky*, 384 U.S. 195, 200 (1966); *Giaccio v. Pennsylvania*, 382 U.S. 399 (1966); *Shuttlesworth v. Birmingham*, 382 U.S. 87, 90-91 (1965); *Kunz v. New York*, 340 U.S. 290 (1951); *Saia v. New York*, 334 U.S. 558, 559-560 (1948); *Thornhill v. Alabama*, 310 U.S. 88, 97-98 (1940); *Herndon v. Lowry*, 301 U.S. 242, 261-264 (1937). A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Where First Amendment interests are affected, a precise statute "evincing a legislative judgment that certain specific conduct be . . . proscribed," *Edwards v. South Carolina*, 372 U.S. 229, 236 (1963), assures us that the legislature has focused on the First Amendment interests and determined that other governmental policies compel regulation. See Kalven, The Concept of the Public Forum: *Cox v. Louisiana*, 1965 Sup. Ct. Rev. 1, 32; *Garner v. Louisiana*, 368 U.S. 157, 200, 202 (1961) (Harlan, J., concurring in judgment). Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964) "it operates to inhibit the exercise of [those] freedoms." *Cramp v. Board of Public Instruction*, 368 U.S., at 287. Uncertain meanings inevitably lead citizens to "'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." *Baggett v. Bullitt, supra*, at 372, quoting *Speiser v. Randall*, 357 U.S. 513, 526 (1958). See *Interstate Circuit v. Dallas, supra*, at 684; *Ashton v. Kentucky, supra*, at 195, 200-201; *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965); *Smith v. California*, 361 U.S. 147, 150-152 (1959); *Winters v. New York*, 333 U.S. 507 (1948); *Stromberg v. California*, 283 U.S. 359, 369 (1931).Quoting *Thornhill v. Alabama*, <u>310 U.S. 88, 101</u>-102: "The freedom of speech and of the press guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment. The exigencies of the colonial period and the efforts to secure freedom from oppressive administration developed a broadened conception of these liberties as adequate to supply the public need for information and education with respect to the significant issues of the times. . . . Freedom of discussion, if it would fulfill its historic function in this nation, must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period." (Emphasis added.)

Current law restricts free trade and violates the Commerce Clause of the U.S. Constitution. The Commerce Clause prohibits states from placing burdens on commerce

5

thereby restricting free trade. See *Assoc. Indus. v. Lohman*, 511 US 641 (1994). Our economy functions under the concept of free trade. Laws exist to promote competition and to prevent monopolies among businesses in the interest of consumers (Sherman Antitrust Act, 15 USC Section 1-7 (1994)). By preventing one company from monopolizing the entire market in one region, that company is forced to compete with surrounding companies, thus resulting in lower prices and better service. The same can be said of the legal profession. See *Goldfarb v. Va. State Bar*, 421 US 773, 788 (1975) stating that the practice of law has a "business aspect." The states' motives arguably are purely monopolistic.

Liberty is often defined as the power of free action. One of the individual rights guaranteed to all is the unlimited right to contract. See *Hale v. Henkel*, 201 US 43 (1905), which states: "The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his own private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to incriminate him. He owes no such duty to the State, since he receives nothing there-from, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State...He owes nothing to the public so long as he does not trespass upon their rights."

## Conclusion

Section 34-3-1, Code of Alabama, entitled "Unlawful Practice of Law" should be struck down as unconstitutional.

Prepared and Submitted by: _____
Bradford L. Daley